UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| DONNA WILLIAMS, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | Case No. 2:14 CV 38 CDP |
| JUDGE FREDERICK P. TUCKER, et al., | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

At the hearing held on the record on November 5, 2015, I stated my rationale for my ruling on the motions for summary judgment based on qualified immunity, but I mistakenly failed to rule on the motion filed by defendant Frederick P. Tucker seeking summary judgment on the claims to the extent they were brought against him in his official capacity. The conclusions I stated on the record regarding qualified immunity also provide my rationale for my rulings on the claims against Judge Tucker on the merits, and so that statement is incorporated herein. For the reasons stated on the record at the hearing, I am granting summary judgment to defendant Judge Tucker – both in his individual and official capacity – on Donna Williams' claims, but I am denying his motion for summary judgment on Linda Jenkins' claims. I am granting summary judgment to defendant Shoemaker on all claims against him.

In their First Amended Complaint plaintiffs Donna Williams and Linda Jenkins sued defendant Tucker in his official capacity and in his individual capacity, alleging that he took adverse employment action against them in retaliation for their exercise of their rights under the First Amendment.  Plaintiff Donna Williams alleges that Tucker terminated her from her position as secretary in the Juvenile Office of Missouri's Forty-First Judicial Circuit because she complained about employees campaigning for Judge Tucker at the courthouse, about employee violations of comp time rules, about an employee making false entries on his time sheet and about uneven work distribution.   Plaintiff Linda Jenkins contends that Judge Tucker ordered her position of bailiff moved from the Court budget to the Sheriff's budget, which ultimately had the effect of causing her to lose hours and pay.

At the hearing I set out in detail my reasons for concluding that Judge Tucker, in his individual capacity, was not entitled to qualified immunity on the claims brought by plaintiff Linda Jenkins.  The same disputes of material fact that preclude qualified immunity are genuine disputes of material fact that preclude summary judgment on those same claims against Judge Tucker in his official capacity.  Judge Tucker's motion for summary judgment is denied on the claims of Linda Jenkins.

At the hearing I also concluded that Judge Tucker was entitled to qualified immunity on the claims brought by plaintiff Donna Williams. That determination, however, did not resolve Williams' claim against Tucker in his official capacity. The conclusions I made there, however, also support granting his motion for summary judgment on the merits of Williams' claims.

The undisputed evidence shows that Judge Tucker made the decision to terminate Donna Williams because of her negative behavior toward her coworkers, including what he was told about her blow-up at a meeting held on October 21, 2013. As I stated in more detail at the hearing, her speech at the meeting was not speech protected by the First Amendment. Although she had made complaints the year before that arguably could be considered protected speech, the undisputed evidence show that those earlier complaints were not any part of Judge Tucker's motivation for her termination. Therefore, he is entitled to summary judgment on Williams' claim both on the merits and on the basis of qualified immunity.

For the reasons set out above and on the record at the hearing held on November 5, 2015,

**IT IS HEREBY ORDERED** that defendant Frederick P. Tucker's motion for summary judgment [#48] is granted as to the claims of plaintiff Donna Williams, and is denied as to the claims of plaintiff Linda Jenkins.

**IT IS FURTHER ORDERED** that defendant Kevin Shoemaker's motion for summary judgment [#51] is granted on the basis of qualified immunity.

**IT IS FURTHER ORDERED** that all pending motions to strike affidavits and statement of facts [## 58, 59, 60, 61, 62, 74] are denied.

**IT IS FURTHER ORDERED** that the Court will hold a telephone conference with counsel for plaintiff Jenkins and counsel for defendant Tucker on **Tuesday, December 1, 2015 at 3:00 p.m.**  Plaintiff's counsel must place the call and have all necessary counsel on the line before calling my chambers at (314)244-7520.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2015.