UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DONNA WILLIAMS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 2:14-cv-38-CDP |
| v. ) | |
| ) | |
| HON. FREDERICK P. TUCKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MEMORANDUM RE "ME TOO" EVIDENCE**

Defendant the Honorable Frederick P. Tucker ("Defendant Tucker"), by and through his undersigned counsel, submits the following memorandum in response to Plaintiff's' memorandum regarding "me too" evidence.

**ARGUMENT**

The Court should not permit the introduction of the terminations of David Moore and Ted Harrell for the reasons stated in Defendant's Motions in Limine (Doc #119, pp. 1-3). Defendant further responds as follows.

Plaintiff attempts to justify the introduction of this evidence by citing general language from cases whose fact patterns do not account for crucial facts in this case. First, while Plaintiff's memorandum states

1

these individuals were terminated by Defendant Tucker, there will be no evidence to support that assertion, and in fact Sheriff Shoemaker terminated those individuals. (#49-8, p. 31; #65-20, ¶ 8). Thus, as Tucker was not involved in these terminations, the danger of confusion and prejudice are large. FRE 403.

Further, as Jenkins was not terminated, it cannot be shown that she was dealt with similarly, which precludes any evidentiary value of these terminations, as this Court has already found. (#85, pp. 18-19). *See also, Williams v. City of Kansas City*, 223 F.3d 749, 755 (8th Cir. 2000) (in order to be admissible, evidence of other bad acts must be similar to the conduct at issue); Fed. R. Evid. 404(b). In fact, as previously argued, given that Sheriff Shoemaker offered Jenkins a full-time position as a road deputy and then went out of his way to help her secure insurance benefits when she chose to accept a part-time position instead, it is difficult to fathom how the outright terminations of deputies Harrell and Moore are at all relevant to Jenkins's situation. Consequently, the Court should exclude this evidence.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General

*/s/Robert J. Isaacson*
Robert J. Isaacson, #38361MO
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri  63188
(314) 340-7861 (Telephone)
(314) 340-7029 (Facsimile)
*Attorneys for Defendant the Honorable Frederick P. Tucker*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2017, the foregoing Defendant's Memorandum regarding 'Me Too" evidence was filed and served via the Court's electronic filing system on all counsel of record.

  /s/ *Robert J. Isaacson*
  Robert J. Isaacson
  Assistant Attorney General