UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LINDA JENKINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:14 CV 38 CDP |
| FREDERICK TUCKER, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

At the final pretrial hearing held on December 13, 2017, I ruled some of the pending motions, but took others under submission. This order provides the final rulings on issues discussed at the hearing.

**Plaintiff's Motion in Limine regarding Missouri Law**

Plaintiff moved in limine for an order excluding "Improper Evidence Mischaracterizing Tucker's Authority under Missouri law." [# 112]. At the hearing I directed plaintiff to provide a proposed jury instruction regarding this issue, and plaintiff has done so. Both parties have filed additional briefs on the issue. Although I agree with plaintiff that the applicable Missouri law provides that the Circuit Judges must approve the Sheriff's appointment and compensation of deputies, I do not agree that any of plaintiff's proposals for handling these issues at trial is correct.

As discussed in more detail in my ruling on the summary judgment motions and in the Court of Appeals decision in this case, factual disputes remain regarding whether Jenkins was subjected to an adverse employment action as well as whether Tucker was responsible for any adverse action.  Plaintiff contends that being given a choice between taking a full-time job as a road deputy or a part-time job as a bailiff constituted adverse employment action.  Summary judgment was not appropriate because there was evidence from which a jury might conclude that this was an adverse employment action.  This is a factual dispute remaining for trial.

There is also a factual dispute about whether Tucker caused this alleged adverse employment action.  This dispute arises because, as I understand the expected evidence,[1] Tucker is expected to testify that his only role in this alleged adverse employment action was to transfer plaintiff's position from the Court budget to the Sheriff's department budget.  The Sheriff is expected to testify that he was told by the County Commissioners to offer this choice to plaintiff, after the County Commission reduced the Sheriff's department budget.  Tucker apparently intends to testify that he did not direct either the Sheriff or the County Commission to do this, and that he is not responsible for whatever employment action Jenkins faced.  Plaintiff Jenkins argues, on the other hand, that defendant Tucker should

---

[1] The statements made here about expected evidence are based on arguments of counsel as well as some of the evidence that was presented on summary judgment, but, obviously, I do not know what testimony will actually be presented at trial.

2

not be allowed to testify to these facts or to argue that he did not cause the alleged adverse employment action because, plaintiff argues, Missouri law provides that the Circuit Judge has authority over the Sheriff's hiring and compensation of deputies.  This legal dispute is based on several Missouri statutes.

Section 57.250 of the Missouri Revised Statutes provides, in part:

> The sheriff … shall be entitled to such number of deputies and assistants, to be appointed by such official, with the approval of a majority of the circuit judges of the circuit court, as such judges shall deem necessary for the prompt and proper discharge of such sheriff's duties relative to the enforcement of the criminal law of this state.  Such judges of the circuit court, in their order permitting the sheriff to appoint deputies or assistants, shall fix the compensation of such deputies or assistants and in setting such number and compensation shall have due regard for the financial condition of the county. …

Missouri statutes have other provisions concerning the appointment and payment of deputies and other county employees, including provisions that explain the budget process.  *See Baker v. Stone County,* 41 F.Supp. 2d 965 (W. D. Mo. 1999).  Under § 50.540, Mo. Rev. Stat., each county office holder must prepare and submit to the county clerk an estimated budget, which then is presented to the County Commission.  The County Commission may revise the budget requests, § 50.740, and Missouri law requires the County Commission to balance its budget and not run a deficit, § 50.610.  The sheriff has the final decision-making authority to fire deputies.  § 57.275, Mo. Rev. Stat.

3

Plaintiff is correct that under these statutes Tucker, as the Circuit Judge, had authority to approve the hiring and compensation of deputies.  Plaintiff's request that I tell the jury that Tucker had the final authority to determine Jenkins' salary and whether she worked full or part time, to approve all personnel recommendations, and to do the other things set out in plaintiff's other proposed instructions [# 124], however, goes too far.  None of those propositions is dictated by Missouri law, and I will not instruct the jury otherwise.  Additionally, because this trial will consider only the claims against Tucker in his individual capacity, I need not determine at this point whether Tucker was the "final decision maker" for municipal liability purposes.  *Cf. Soltesz v. Rushmore Plaza Civic Ctr.,* 847 F.3d 941 (8th Cir. 2017).  Similarly, plaintiff's proposed instructions that the County Commission may not require Tucker to take a variety of actions are not appropriate.

Additionally, it is not appropriate for the Court to tell defendant Tucker or any other witnesses that they cannot testify about the *facts* of the case.  The jury is entitled to hear each side's version of the facts.  Of course both counsel can challenge the other side's evidence through cross-examination of the witnesses.  Counsel may not, however, argue with the witnesses about whether what the witnesses say they did or did not do was consistent with Missouri law.  At the end of the case I will instruct the jury about the law.  Those instructions will include

4

instructions about whatever provisions of Missouri law are necessary for the jury's decision, based on the evidence and issues that are presented at trial. At this point, I anticipate that the instructions may include a description of the law contained in § 57.250 regarding the Circuit Judge authority over the number and compensation of deputies and about the County Commission's authority over the budget process and the Sheriff's authority over the deputies. As always, counsel will have the opportunity during closing arguments to argue to the jury about how the lawyer believes the jury should view the evidence under the jury instructions. But counsel may not use cross-examination to engage in a debate with any witness or with other counsel about the meaning of Missouri law. And again, the question in this trial is whether Tucker retaliated against Jenkins; the trial deals only with the claim against Tucker in his individual capacity. The legal question about who was the "final decision maker" for purposes of imposing municipal liability on the County is not an issue in this trial.

### Defendant's Motion in Limine Regarding "me too" Evidence

As part of its motion in limine [#119] defendant seeks to prevent plaintiff from introducing evidence regarding the termination of Donna Williams, David Moore and Ted Harrell. Plaintiff contends that these witnesses were terminated in retaliation for supporting Tucker's opponent in the election. Defendant argues that this is propensity evidence that is not admissible under Rule 404(b), Fed. R. Evid.,

5

and that any probative value it might have outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, causing undue delay and necessitating the introduction of collateral or cumulative evidence and so should be excluded under Rule 403, Fed. R. Evid.

The Court must consider proposed "me too" evidence in the context of the facts and arguments in a particular case, considering "many factors, including how closely related the evidence is to the plaintiff's circumstances and the theory of the case." *Dindinger v. Allsteel, Inc.,* 853 F.3d 414, 424 (8th Cir. 2017), citing *Sprint/United Mgmt. Co. v. Mendelsohn,* 552 U.S. 379, 388 (2008).

Plaintiff's counsel stated at the pretrial hearing that defendant Tucker created a list of employees who had supported him in the election and decreed that those were the only employees who could keep their jobs. Upon questioning it appears that no one will actually testify to this, but there is evidence from which plaintiff believes such an inference could be drawn.[2] From the argument presented by plaintiff's counsel I do not know if this evidence consists only of the order approving the deputies and compensation of deputies that is required by § 57.250, discussed above, or something else. In any event, plaintiff argues that Williams, Moore and Harrell supported Tucker's opponent, were terminated in retaliation for

---

[2] Plaintiff's counsel is cautioned to distinguish between evidence and argument, as statements such as the one above, if made during opening statement, could result in a mistrial.

6

this political support, and that this evidence is support for Jenkins' claim that her job change was also retaliatory.

In a supplemental brief, plaintiff states that Harrell and Moore "were terminated by Judge Tucker" after the election. In response, defendant states that there will be no evidence to support that assertion, and indeed, the Sheriff has testified that he was the one who terminated these deputies. Because of this dispute over what the evidence will be, I cannot determine at this time whether the "me too" evidence surrounding Harrell and Moore is admissible. I will therefore grant the motion in limine as to them only to the following extent: plaintiff's counsel (and plaintiff's witnesses) may not mention this evidence to the jury in any way until counsel has approached the bench and made a sufficient showing, outside the hearing of the jury, that the evidence should be admitted.

I have already determined, in granting summary judgment on the claims brought by Donna Williams, that her termination was not taken in retaliation for any political activities. Her termination cannot therefore meet any test for admissible "me too" evidence, and the motion in limine will be granted as to her.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion in limine regarding Missouri law [112] is denied except to the extent set forth above.

**IT IS FURTHER ORDERED** that defendant's motion in limine regarding "me too" evidence [119] is granted as to Donna Williams, and is granted as to Ted Harrell and David Moore only to the extent that plaintiff's counsel may not mention in the jury's presence any claim or evidence that Harrell and Moore were terminated in retaliation for political activities until counsel has made a sufficient showing and the Court has ruled that the evidence may be admitted.

**IT IS FURTHER ORDERED** that, as set forth on the record at the final hearing, the trial in this matter will be bifurcated, with the trial set to begin on Monday December 18, 2017 to consider only the claim against defendant Tucker in his individual capacity.  Trial on the official capacity claim will be scheduled after the verdict on the individual capacity claim and after the parties have an opportunity to fully brief plaintiff's request (made for the first time in the pretrial submissions) to ask a jury to impose money damages against Macon County, even though the pleadings only sought equitable relief against Frederick Tucker in his official capacity.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2017.

8